**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALEXANDRA MORALES,

        Plaintiff,

v.                                                                      Case No:   6:23-cv-2076-GAP-LHP

AS SPECIFIED, INC. and IRON
WOOD VENTURES, LLC,

        Defendants

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

On October 27, 2023, Plaintiff Alexandra Morales ("Plaintiff") filed a Complaint against her former employers, Defendants As Specified, Inc. ("As Specified") and Iron Wood Ventures, LLC ("Iron Wood"), her former direct supervisor Defendant Drew Roan, and Drew Roan's spouse, Defendant Nichol Roan, alleging claims of sex discrimination and harassment, retaliation, negligent supervision, training, and retention, and intentional infliction of emotional distress. Doc. No. 1.  Defendants Drew and Nichol Roan answered the complaint, and Plaintiff ultimately resolved all claims against them.  Doc. Nos. 43-45.  Defendants As Specified and Iron Wood, however, did not respond to the complaint or

otherwise appear in this case. Accordingly, on Plaintiff's motions, Clerk's defaults were entered against them. Doc. Nos. 23, 25-26, 29, 31-32.

Plaintiff thereafter moved for default judgment as to all claims against As Specified and Iron Wood. Doc. No. 49. On March 6, 2025, the Court granted default judgment as to Plaintiff's sexual harassment, discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.11, *et seq.* ("FCRA"), and denied default judgment as to all other claims. Doc. No. 52; *see also* Doc. No. 51. The Court thereafter referred the case to the undersigned to conduct all appropriate proceedings as to the issues of damages, fees, and costs. Doc. No. 52, at 2.

The undersigned directed Plaintiff to file supplemental briefing on these outstanding issues and held an evidentiary hearing on April 29, 2025. *See* Doc. Nos. 53, 56, 59-61, 65-66, 71. During the course of the hearing, at which two witnesses testified and 13 exhibits were admitted into evidence, *see* Doc. Nos. 68, 71, several evidentiary and other issues arose. As particularly relevant to this Report and Recommendation, the undersigned independently discovered that As Specified filed a Chapter 11 Bankruptcy Petition on August 23, 2024, with such bankruptcy proceedings ongoing, which neither Plaintiff nor her counsel were

aware of.[1]  *See* Doc. No. 67, at 1; Doc. No. 71, at 59.    Given that Plaintiff has consistently alleged that As Specified and Iron Wood were Plaintiff's joint employers, *see, e.g.*, Doc. No. 1, ¶¶ 15, 43, 56; Doc. No. 49, at 4, the undersigned became concerned as to whether the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362, mandated that all remaining proceedings in this case be stayed.   As such, at the conclusion of the April 29, 2025 hearing, the undersigned directed Plaintiff to file post-hearing briefing to address, among other things, "[t]he effect of ongoing bankruptcy proceedings involving Defendant As Specific, Inc., *see* Case No. 6:24-bk-04465-TPG, on this case as a whole and Plaintiff's pending request for damages quantification.   This should include a report on the status of the bankruptcy proceedings."   Doc. No. 67, at 1.

Plaintiff has now filed her post-hearing brief, in which she explains that she was never made aware of As Specified's Chapter 11 Bankruptcy proceedings, nor was Plaintiff listed as a creditor in that action.   Doc. No. 73, at 7-8.   Plaintiff details the history of the bankruptcy proceedings, and that she intends to move to reopen the bankruptcy case to either file an allowable claim or ask for permission to proceed in this Court with this case.   *Id.*, at 7-9.   As such, Plaintiff requests that the

---

[1] Iron Wood is a dissolved corporation and is not currently in bankruptcy proceedings.

Court stay all further proceedings in this case to allow Plaintiff to seek this relief in the Bankruptcy Court.  *Id.*, at 9-10.

Upon consideration, the undersigned **RESPECTFULLY RECOMMENDS** that all further proceedings in this case be stayed and the case administratively closed pursuant to 11 U.S.C. § 362 and in light of Plaintiff's representations that she intends to pursue relief in the Bankruptcy Court.  The undersigned further recommends that any pending motions be terminated, and that Plaintiff be directed to file status reports regarding As Specified's bankruptcy proceedings within sixty (60) days following the Court's order on this Report and Recommendation, and every sixty (60) days thereafter.  *See, e.g., Baker v. Bank of Am., N.A.*, 837 F. App'x 754, 763-64 (11th Cir. 2020) (affirming reopening of bankruptcy proceeding and awarding *nunc pro tunc* relief to creditor); *Solow v. PPI Enters. (U.S.) Inc.*, 150 B.R. 9, 11 (S.D.N.Y. 1992) ("A stay against a non-bankrupt codefendant or third-party defendant requires some 'unusual circumstances,' for instance, 'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" (quoting *A.H. Robbins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986))).

**NOTICE TO PARTIES**

    A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

    Recommended in Orlando, Florida on June 16, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy